

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 27, 1951

Hon. Olin Culberson, Chairman
Railroad Commission of Texas
Austin, Texas

Opinion No. V-1258

Re: Whether money collected by
the Railroad Commission of
Texas for reproducing and
distributing its public rec-
ords for private use may be
deposited in the State Treas-
ury to the credit of contin-
gent expense fund from which
cost of reproduction and dis-
tribution is paid to reimburse
such fund.

Dear Sir:

Your request for an opinion is in part as follows:

"The Railroad Commission has made a charge and
collected money as reimbursements to the funds for micro-
film, photostatic and other reproductions of public rec-
ords of the Railroad Commission and has made a request
of the State Treasurer to deposit the monies collected
for such reproductions of public records of the Rail-
road Commission back to the current appropriations
above mentioned.

"The question has arisen as to whether the funds
collected are reimbursements to the appropriations,
or whether they are reimbursements to the funds and
are not covered by the appropriations for current use.
I shall, therefore, thank you to advise this depart-
ment whether the monies collected by the Railroad Com-
mission for such reproductions of public records of
the Railroad Commission can be deposited back to the
current appropriations for the use and benefits of
the Railroad Commission." (Emphasis supplied through-
out opinion.)

Subdivision (3) of Section 2 of the general depart-
mental appropriation bill for the biennium ending August 31,
1951 (H.B. 322, Acts 51st Leg., R.S. 1949, ch. 615, p. 1208,
1343), reads as follows:

".  . . <u>Any contingent <i>f</i>unds herein appropriated</u>,
and any funds appropriated for printing, <u>may be used</u>
under the direction of any department for which any
such appropriation is made <u>for the publication and</u>
<u>distribution of any notices, pamphlets, booklets, rules,</u>
<u>regulations and other matters of public interest; pro-</u>
<u>vided that a charge may be made and collected for such</u>
<u>publications and notices which will reasonably reim-</u>
<u>burse funds for such actual expense</u>, but any such pam-
phlets shall be furnished to another State Department
without charge."

This provision, in identical language, was re-enacted
by the Fifty-second Legislature as Subdivision (3), Section 2
of Article III of the general appropriation bill for the bien-
nium ending August 31, 1953 (H.B. 426, Acts 52nd Leg., R.S.
1951).

In Opinion V-1125 (1950), we held that money received
by the Railroad Commission from the sale of its publications
should be deposited in the State Treasury to the credit of its
current appropriation for contingent expenses, printing, and
other purposes to reimburse that appropriation for money with-
drawn therefrom to pay the cost of printing and distributing
public records of the Commission to the general public for
private use.

The holding in that opinion has application to the
question you present. It will be observed that the authority
contained in the above-quoted rider to the general departmental
appropriation bill for the biennium ending August 31, 1951, to
use current appropriations for contingent expenses for the
publication and distribution of official records of the Rail-
road Commission of public interest is not limited to printed
matter. From the language of the rider in question, we think
it is clear that the authority granted extends to publication
and distribution of public records in any form or by any techni-
cal process.

Undoubtedly, the rider was attached to the appropria-
tion bill to enable any State department to which it applies
to reproduce public records and matters of public interest and
furnish the same to the public for private use without cost to
the State. To accomplish this purpose, the Legislature has au-
thorized payment of the costs incurred in connection with publi-
cation and distribution of such records and matters of public
interest out of current appropriations for contingent expenses.
It has further authorized a charge to reasonably reimburse the

fund from which such costs are paid.  Att'y Gen. Op. V-1125 (1950).

In view of the foregoing, it is our opinion that money collected by the Railroad Commission for reproducing and distributing public records of the Commission by microfilm, photostatic, or other process should be deposited to the credit of the contingent expense fund from which the cost of reproduction and distribution was paid to reimburse such appropriation, and that money so deposited is appropriated to the Commission to be expended for the purposes designated therein.

SUMMARY

Money collected by the Railroad Commission of Texas for reproducing and distributing its public records for private use by microfilm, photostatic, or other process should be deposited in the State Treasury to the credit of the current appropriation for contingent expenses from which the cost of reproduction and distribution was paid, in order to reimburse such appropriation.  Contingent expense appropriations, so reimbursed, may be expended by the Commission for the purposes designated therein.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Price Daniel
Attorney General

By Everett Hutchinson
Executive Assistant

EH:lg